UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACKIE L. GERRITY,

                         Plaintiff,

          v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                         Defendant.

Case No. C12-5358-RSL-BAT

**REPORT AND
RECOMMENDATION**

Jackie L. Gerrity seeks review of the denial of her Disability Insurance Benefits application.  Ms. Gerrity contends the ALJ erred (1) at step five by failing to call a vocational expert; and (2) in discounting Dr. Tammara Stefanelli's opinions, her testimony, and the testimony of her husband, James Gerrity.  Dkt. 11.  The Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four.

## BACKGROUND

The ALJ conducted a hearing without calling a vocational expert ("VE"), and found at step five that because Ms. Gerrity could perform a reduced range of light work and essentially a full range of sedentary work, Ms. Gerrity was not disabled pursuant to Medical Vocational Rule

201.28.  Tr. 29.  As to each step of the five step disability evaluation process, the ALJ found:[1]

> **Step one:**  Ms. Gerrity had not worked since October 12, 2008 through June 30, 2009, her date last insured.

> **Step two:**  Ms. Gerrity had the following severe impairments: status-post neck surgery.

> **Step three:**  This impairment did not meet or equal the requirements of a listed impairment.

> **Residual Functional Capacity:**  Ms. Gerrity could perform a limited range of light work, and essentially a full range of sedentary work. She was limited to occasional overhead reaching, and at least since her second surgery was likely incapable of using her hands and arms at or above shoulder level while standing, on the basis of a normal work week.

> **Step four:**  Ms. Gerrity could not perform her past work.

> **Step five:**  As there are jobs Ms. Gerrity can perform, she is not disabled.

## DISCUSSION

**A.    The ALJ's step five determination**

Relying on the Medical-Vocational Guidelines ("guidelines"), the ALJ, at step five, found Ms. Gerrity not disabled.  Ms. Gerrity contends, and the Court agrees, the ALJ erred in relying solely on the guidelines and should have called a VE.  At step four, the ALJ found Ms. Gerrity was unable to perform her past work as a hairdresser.  Tr. 28.  As such, at step five, the burden shifted to the Commissioner to prove Ms. Gerrity could perform other work that exists in significant numbers given her RFC, age, education and work experience.  20 C.F.R. § 404.1520(g).

The Commissioner can meet this burden by (1) the testimony of a vocational expert, or (2) applying the Medical-Vocational Guidelines either solely or with a VE as appropriate. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 2001); 20 C.F.R. Part 404, subpart P, Appendix 2,

---

[1]  Tr. 15-34.  The Appeals Council denied Ms. Gerrity's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-6.

REPORT AND RECOMMENDATION - 2

1  § 200.00 (2012).

2  An ALJ may rely solely on the guidelines at step five only where the guidelines

3  completely and accurately represent a claimant's limitations.[2]  In other words, a claimant must

4  be able to perform the full range of jobs in a given category, i.e., sedentary work, light work, or

5  medium work for an ALJ to rely solely on the guidelines.  An ALJ errs in relying solely on the

6  guidelines where they do accurately and completely describe the claimant's abilities and

7  limitations.  *Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985).

8  Where a claimant suffers from non-exertional limitations that "significantly limit the

9  range of work permitted by her exertional limitations," the ALJ is required to take the testimony

10  of a vocational expert.  *Tackett*, 180 F.3d at 1102 (internal quotation marks omitted).  "Examples

11  of non-exertional limitations are pain, postural limitations, or environmental limitations."  *Id.*

12  Here, the ALJ found Ms. Gerrity could perform "a reduced range of light work" and

13  "essentially a full range of sedentary work."  Tr. 29.  Based on this finding, the ALJ concluded a

14  "finding of 'not disabled,'" was directed by the guidelines.  The ALJ erred.  The ALJ found Ms.

15  Gerrity's ability to perform light or sedentary work was "limited to occasional overhead reaching

16  and at least since her second surgery is likely not capable of using her hands and arms at or

17  above shoulder level while standing on the basis of a normal work week."  Tr. 22.  These

18  findings set forth limitations that indicated Ms. Gerrity lacked the ability to perform the full

19  range of light or sedentary jobs.  As such, the ALJ erred in relying solely on the guidelines to

20  find Ms. Gerrity not disabled.

21  The Commissioner defends the ALJ's reliance on the guidelines arguing Ms. Gerrity's

22  "reaching" limitations were not sufficiently severe enough to render reliance on the guidelines

23  ───────────────
[2] *Heckler v. Campbell*, 461 U.S. 458, 461 (1983); *see also Lounsberry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006).

REPORT AND RECOMMENDATION - 3

1    improper.  Dkt. 14 at 12.  Neither the law nor the record supports this argument.  Ms. Gerrity's

2    reaching limitations are consistent with the types of limitations which courts have found preclude

3    sole reliance on the guidelines to determine disability.  For example in *Desrosiers v. Secretary of*

4    *Health and Human Servs.*, 846 F.2d 573, 580 (9th Cir. 1988) (Pregerson, J., concurring), Judge

5    Pregerson noted Desrosiers's inability to lift his left arm above 90 degrees or bend and stoop

6    were postural limitations that prevented Desrosiers from performing the full range of light work.

7    In *Jones v. Heckler*, 760 F.3d 993, 998 (9th Cir. 1985), the Court found Jones's difficulties with

8    her hands and need to avoid work around dangerous equipment were limitations that

9    "compromised" her ability to perform sedentary and light work.  And in *Tackett v. Apfel*, 180

10   F.3d at 1104, the Court found Tackett's need to shift, or stand every thirty minutes significantly

11   limited his ability to perform sedentary work, and that the ALJ thus erred in failing to call a VE.

12           That Ms. Gerrity's reaching limitations are sufficiently severe to require the testimony of

13   a VE is also supported by the ALJ's step four findings.  At step four, the ALJ found Ms. Gerrity

14   had past relevant work as hairdresser, which the ALJ classified as "light work."  Tr. 28.  The

15   ALJ found Ms. Gerrity was unable to perform this work on the grounds:

16                  The claimant is limited to occasional overhead reaching, and at
                    least since her second surgery is likely not capable of using her
17                  hands and arms at or above shoulder level while standing on the
                    basis of a normal work week.  Accordingly, the claimant was
18                  unable to perform past relevant work.

19   Tr. 28.  These are the same limitations the ALJ found in assessing Ms. Gerrity's residual

20   functional capacity.  As they were sufficiently severe to preclude Ms. Gerrity from performing

21   her past light work as a hairdresser, they clearly were sufficiently severe to require the ALJ to

22   call a VE at step five.  In sum, because Ms. Gerrity has non-exertional limitations not accounted

23   for in the guidelines, the ALJ was required at step five to call a vocational expert to establish

REPORT AND RECOMMENDATION - 4

1  whether Ms. Gerrity was disabled.  The ALJ failure to do so was error and the matter should

2  therefore be remanded with direction the ALJ take the testimony of a VE at step five.

3  **B.     The ALJ's assessment Tammara Stefanelli's, M.D., opinions**

4       Ms. Gerrity contends the ALJ erred by giving little weight to the opinions treating doctor

5  Tammara Steffanelli M.D., provided in her declaration of October 18, 2010.  Tr. 284-87.  An

6  ALJ must provide "clear and convincing reasons," to reject the uncontradicted opinion of a

7  treating doctor, and "specific and legitimate reasons" to reject a treating doctor's opinion that is

8  contradicted.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).  An ALJ does this by setting

9  out a detailed and thorough summary of the facts and conflicting evidence, stating her

10  interpretation of the facts and evidence, and making findings.  *Magallanes v. Bowen*, 881 F.2d

11  747, 751 (9th Cir. 1989).  The ALJ must do more than offer her conclusions; she must also

12  explain why her interpretation, rather than the treating doctor's interpretation, is correct.  *Orn v.*

13  *Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

14  Cir. 1988)).

15       The ALJ discounted Dr. Stefanelli's opinions for six reasons.  The ALJ first rejected the

16  doctor's opinions on the grounds "Dr. Stefanelli is a family practitioner, and not a specialist of

17  the spine."  Tr. 27.  An ALJ may give more weight to the medical opinions of specialists

18  concerning matters relating to their specialty over that of nonspecialists.  *See*  20 C.F.R.

19  § 404.1527(d)(5); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).  However, an

20  ALJ may not reject a treating doctor's opinions simply because the doctor is not a specialist.  Dr.

21  Stefanelli is a medical doctor who diagnosed Ms. Gerrity with cervical disc radiculopathy and

22  treated her for problems related to that condition.  *See* Tr. 211-19, 252-61, 284-85.  Dr.

23  Stefanelli's opinions are thus competent evidence and it was error for the ALJ to reject her

REPORT AND RECOMMENDATION - 5

1  opinions simply because she is not a specialist.  *See, e.g., Lester v. Chater*, 81 F.3d 821, 833 (9th

2  Cir. 1996) (holding where a treating physician provided treatment for the claimant's psychiatric

3  impairment, the doctor's opinion constitutes "competent psychiatric evidence" and may not be

4  discredited on the ground the doctor was not a board certified psychiatrist).

5      Second, the ALJ discounted Dr. Stefanelli's opinions as "not supported with specific

6  references to objective evidence or exam results.  Dr. Stefanelli vaguely mentions EMG and MRI

7  finding, but does not relate specific examinations to her opinions."  Tr. 27.  Contrary to this

8  finding, the record shows Dr. Stefanelli diagnosed Ms. Gerrity with cervical disc radiculopathy.

9  She opined this condition resulted in pinching of the nerves in Ms. Gerrity's neck, causing

10  radicular symptoms into Ms. Gerrity's arm and shoulder and radiating pain.  Tr. 285-86.  Dr.

11  Stefanelli was asked "what are the objective findings for her condition?"  Tr. 286.  She

12  answered:  "She has findings certainly on her MRI and on an EMG study that was completed."

13  *Id.*  The record thus shows Dr. Stefanelli explained the objective evidence that supported her

14  opinions.  Accordingly, the ALJ erred.

15      Third, the ALJ discounted the doctor's opinions on the ground "the objective MRI and

16  EMG evidence available in the record shows mild to moderate symptoms and are not indicative

17  of a disabling condition."  Tr. 27.  Ms. Gerrity claims this amounts to an erroneous reliance "on

18  rhetoric that objective findings are not disabling."  Dkt. 11 at 12.  The record does not support

19  Ms. Gerrity's claim.  The record establishes the MRI and EMG findings showed mild to

20  moderate symptoms; Ms. Gerrity has not shown otherwise.  The ALJ is charged with evaluating

21  the medical evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  An ALJ may

22  properly reject a treating physician's opinion that is inconsistent with the record and not

23  supported by objective evidence.  *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999).

REPORT AND RECOMMENDATION - 6

This is exactly what the ALJ did here in rejecting Dr. Stefanelli's opinion that Ms. Gerrity's impairment was disabling as inconsistent with the record and objective evidence. Accordingly, the ALJ did not err here.

Fourth, the ALJ rejected the doctor's opinion Ms. Gerrity's condition met the requirements of listing 1.04 on the grounds the doctor did not know the "specifics" of the listing and failed to indicate what findings supported her findings. Tr. 27. A claimant whose impairments either meet or equal a listing is presumptively disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). Disability determinations, however, are the exclusive province of the ALJ. Hence, an ALJ is not bound by a treating doctor's opinion that the claimant meets a listing and thus is disabled. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Further under Social Security Ruling 96–5p, an ALJ need not give controlling weight or given special significance to a doctor's opinions regarding the ultimate issue of disability.

Here, the ALJ may have been incorrect that Dr. Stefanelli did not know the "specifics of" the listing. But as noted earlier, the ALJ correctly found the doctor's opinion Ms. Gerrity's impairment was disabling was inconsistent with the record and objective evidence. Accordingly, the ALJ properly discounted the doctor's opinions regarding the listings.

Fifth, the ALJ rejected Dr. Stefanelli's opinions on the grounds they "appear[ed] to be based mostly on the claimant's subjective complaints." Tr. 27. Substantial evidence does not support this finding. The ALJ noted "[o]pinions based on an uncritical acceptance of the claimant's subjective complaints cannot be properly accorded significant weight." *Id.* at n.10. In support, the ALJ cited to cases such as *De Herrera v. Astrue*, 372 Fed.Appx 771, 773 (9th Cir. 2010) (unpublished), and *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In *De Herrera*, the ALJ properly discounted a doctor's opinion that "relied more heavily on De

1   Herrera's complaints than 'his own observations' in making his diagnosis," and in which the

2   doctor's "own report indicate[d] that his understanding of De Herrera's level of pain was based

3   primarily on her subjective complaints." *Id.* Similarly in *Tommasetti*, the ALJ properly rejected

4   a doctor's opinion that was a nothing more than a "rehash" of a claimant's "incredible"

5   complaints. *Tommasetti*, at 1041.

6         In contrast, the record here does not show Dr. Stefanelli "uncritically" based her opinions

7   based on Ms. Gerrity's subjective complaints, or was simply rehashing a patient's complaints.

8   Rather, the doctor's opinions were based on a diagnosis of a medical condition that the doctor

9   explained would reasonably cause the limitations Ms. Gerrity complained of. Further, when

10   asked about Ms. Gerrity's medical condition and limitations, the doctor clearly was in a position

11   to reject Ms. Gerrity's subjective complaints, as excessive for her condition. She did not and

12   instead opined Ms. Gerrity's complaints were "reasonable . . . given [her] clinical observations

13   and the objective findings." Tr. 285. Accordingly, the ALJ erred in rejecting Dr. Stefanelli's

14   opinions on the grounds they were impermissibly based on Ms. Gerrity's subjective complaints.

15         And sixth, citing to Exhibits 10F and 11F[3], the ALJ rejected Dr. Stefanelli's opinions as

16   inconsistent with Dr. Gray's opinions. Tr. 27. Ms. Gerrity argues the ALJ erred because this is

17   an "assertion which is neither evidence nor substantial evidence." Dkt. 11 at 13. As this is the

18   sum total of Ms. Gerrity's claim, it is unpersuasive. Claims that are unsupported by explanation

19   or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300

20   (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v.*

21   *Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation

22   in support of claim of error waives issue); *Independent Towers of Washington v. Washington*,

23   [3] The decision cites to exhibit 1F which does not contain Dr. Gray's records. This is obviously a typographical error.

REPORT AND RECOMMENDATION - 8

350 F.3d 925, 929 (9th Cir. 2003).  Here, other than making a conclusory statement, Ms. Gerrity failed to explain, in her opening brief, why or how it was error for the ALJ to reject Dr. Stefanelli's opinions on the grounds they were inconsistent with Dr. Gray's opinions.

This failure is problematic.  As noted above, an ALJ may reject a treating doctor's opinion on the grounds it is inconsistent with the record or not supported by objective.  Richard Gray, M.D., is a treating orthopedic specialist who performed an anterior cervical discectomy and fusion surgery on Ms. Gerrity, treated her, reviewed imaging studies and referred her for additional consultation.  Tr. 212-18, 267-83.  Dr. Gray noted in his records Ms. Gerrity had some problems following her first surgery.  However, he reported "the patient returned today for follow up on her cervical surgery.  She has done very well and feels that at least early on the pain she presented with is much better and so she is very encouraged."  Tr. 269.  A month later, Ms. Gerrity presented with complaints of arm and hand numbness.  Dr. Gray reported "on exam the patient's hand exam is unremarkable."  Tr. 268.  A month later the doctor reported "I had a long talk with the patient and she feels that she is actually doing fairly well at this point and she is content to just progress her activity as she can tolerate."  *Id.*  Two months later, on March 24, 2010, Ms. Gerrity was examined after she reinjured her neck turning and reaching for "something."  *Id.*  Dr. Gray reported "she notes that before that [the reinjury] she was actually well and functioning without much difficulty or pain."  *Id.*

The ALJ found Dr. Gray's findings and observations were inconsistent with Dr. Stefanelli's opinions, and that Dr. Gray's opinions were more persuasive as to the severity of Ms. Gerrity's impairments.  Tr. 26-27.  It was not improper for the ALJ to make this finding.  After all, the ALJ is charged with evaluating the medical evidence and resolving any ambiguities the evidence may present, and as discussed above substantial evidence supported the ALJ's findings.

REPORT AND RECOMMENDATION - 9

1    Ms. Gerrity obviously disagrees with the ALJ's assessment yet failed to present anything
2    in her opening brief that showed the ALJ's assessment of Dr. Gray's opinions was unreasonable
3    or unsupported.  In her reply, she contended the doctor's report Ms. Gerrity was doing well was
4    not probative of her work ability.  Dkt. 15 at 8.  This contention disregards the fact Dr. Gray also
5    reported that before Ms. Gerrity reinjured herself about March 24, 2010, she "was actually well
6    and functioning without much difficulty or pain."  Tr. 268.

7    Accordingly, based on the record, the Court cannot say the ALJ's finding that Dr.
8    Santenelli's opinions were inconsistent with Dr. Gray's was unreasonable or not supported by
9    substantial evidence.  At best, the evidence is susceptible to more than one reasonable
10    interpretation.  But when the evidence is susceptible to more than one rational interpretation, the
11    Court must uphold the Commissioner's interpretation.  *See  Tommasetti v. Astrue*, 533 F.3d at
12    1038.

13    Because some of the reasons the ALJ gave to discount Dr. Stefanelli's opinions are
14    invalid, the Court must also determine whether the ALJ's reliance on the invalid reasons was
15    harmless error.  *See Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195-97 (9th Cir.
16    2004) (applying harmless error standard where one of the ALJ's several reasons supporting an
17    adverse credibility finding was held invalid).  Under *Batson*, so long as there remains substantial
18    evidence supporting the ALJ's conclusions and the errors do not negate the validity of the ALJ's
19    findings, the errors are deemed harmless.  *Id*. at 1197.  The Court concludes the ALJ's finding
20    that Dr. Stefanelli's opinions should be given little weight remains legally valid despite the
21    ALJ's errors.  The ALJ correctly found the doctor's opinions about the severity of Ms. Gerrity's
22    condition and impairments were inconsistent with MRI and EMG findings which showed mild to
23    moderate symptoms, and inconsistent with Dr. Gray's medical reports which indicated less

1    impairment than opined by Dr. Stefanelli.  Notwithstanding the ALJ's other errors, substantial

2    evidence support these findings and thus the ALJ's determination that Dr. Stefanelli's opinions

3    be accorded little weight should be affirmed.

4    **C.     The ALJ's assessment of Ms. Gerrity's credibility**

5          Ms. Gerrity contends the ALJ erred in discounting her credibility.  Dkt. 11 at 14.  In

6    specific, she first argues the ALJ "erroneously evaluated the medical evidence."  *Id.*  The only

7    argument Ms. Gerrity articulated as to the ALJ's evaluation of the medical evidence, is her claim

8    the ALJ improperly discounted Dr. Stefanelli's opinions.  As discussed above, the ALJ gave

9    valid reasons to discount Dr. Stefanelli's opinions.  This forecloses Ms. Gerrity's claim the ALJ

10   erroneously discounted her testimony by erroneously evaluating the medical evidence.

11         Ms. Gerrity next argues the ALJ erroneously evaluated her "part-time work activity as a

12   hairdresser after her alleged onset date" because "working at most ten hours per week (R. 38)

13   with rest between clients (R. 51) was not evidence of full-time work capacity at the sedentary

14   level for the purpose of SSR 96.8p."  Dkt. 11 at 14.  There are two problems with the argument.

15   First, Ms. Gerrity claims she is unable to perform any work.  Her work activity as a hair dresser,

16   even if part-time, cuts against her claim of disability.  Second, Ms. Gerrity's argument requires

17   the Court to reweigh the evidence, or to substitute its judgment for that of the Commissioner, as

18   to the impact part-time work has on Ms. Gerrity's credibility.  This is something the Court

19   cannot do.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  Ms. Gerrity does not dispute

20   she worked part-time as a hair dresser.  What she disputes is the ALJ's evaluation of this

21   uncontested fact.  The ALJ found:

22              The claimant has worked throughout her recovery from surgery,
               which indicates that her condition is not totally disabling. The
23              claimant continued to work after the initial injury, although she did
               reduce her hours (Ex. 3F, p. 3). As noted above, claimant returned

to hairdressing part-time in December 2008, about a month after her first surgery (Ex. 3F, p. 4). In February 2010 the claimant reported that she was working and had no dysfunction of her left hand (Ex. 10F, p. 4). The claimant testified that she is currently working, with some difficulty. The claimant's ability to work on some days, at a job which doubtless stresses her shoulders, arms and neck, undermines her claims of disabling pain, and suggests that she is not totally disabled, but could qualify [sic] less taxing work.

The ALJ is responsible for determining credibility, and settling conflict in the evidence. *Andrews v. Shalala*, 53 F.3d at 1039. The Court finds the ALJ's determination Ms. Gerrity's work activities undercut her claims regarding the severity of her impairments are both factually supported, and not unreasonable. Ms. Gerrity's alternative assessment of her part-time work, at best, indicates the evidence is susceptible to more than one reasonable interpretation. But as noted earlier, when the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's interpretation. *Tommasetti v. Astrue*, 533 F.3d at 1038. The Court therefore affirms the ALJ's findings regarding Ms. Gerrity's credibility.

**D.      The ALJ's assessment of James Gerrity's credibility**

Ms. Gerrity contends "[t]he ALJ erroneously rejected Gerrity's husband's corroborating statements based on their supposed conflict with the objective medical evidence." Dkt. 11 at 15. This is the sum total of the argument. As discussed above, Ms. Gerrity claimed the ALJ improperly discounted Dr. Stefanelli's opinions. This is the only claim she articulated as to the ALJ's evaluation of the medical evidence. The Court's finding the ALJ did not err in discounting Dr. Stefanelli's opinions thus forecloses Ms. Gerrity's claim that the ALJ erroneously discounted her husband's testimony by erroneously evaluating the medical evidence. Accordingly, the Court affirms the ALJ's assessment of James Gerrity's testimony.

**CONCLUSION**

For the foregoing reasons, the Court recommends the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to sentence four.  The Court affirms the ALJ's findings as to Dr. Stefanelli, and as to the testimony given by Ms. Gerrity and her husband James Gerrity.  On remand, the ALJ shall proceed to step five and take the testimony of vocational expert to determine whether there are jobs which exist in significant numbers in the national economy that Ms. Gerrity can perform in light of her RFC, age, etc.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **January 22, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **January 25, 2013**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of January, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13